UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MOSHIRI,<br><br>    Plaintiff,<br><br>    v.<br><br>HSNI, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-01034-VC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 20 |

In this putative class action, Allen Moshiri alleges that four defendants have promoted, advertised, and sold "EMERIL™" brand kitchen knives that defendants represented were manufactured in Solingen, Germany, when in fact the knives were manufactured in China. Moshiri, who purchased one of these knives, claims that defendants' actions violate California's consumer protection laws, and seeks to vindicate the rights of a nationwide class of consumers allegedly defrauded by the defendants. The defendants have filed a motion to dismiss, which is GRANTED with leave to amend.

Because Moshiri's claims are based on fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that he state his claims with particularity. The claims must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Further, the allegations must be specific enough that defendants have notice of their particular misconduct and can defend against the charge. *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001).

Moshiri's complaint fails to satisfy this requirement in two key ways. First, it does not

explain how each of the four defendants was involved in the fraud.  Instead, it makes the generic, undifferentiated allegation that the four defendants "falsely represented to the public that the EMERIL™ brand Counterfeit Knives are made in Solingen, Germany through various means, with the misrepresentations being made in advertisements, promotions, offers, and sales occurring over the Internet, during nationally televised promotional shows, and through telephone sales." Compl. ¶ 15.  This allegation is not sufficient to identify the manner in which each defendant engaged in the alleged fraud.

Second, the complaint is too vague with respect to Moshiri himself.  The complaint merely alleges that Moshiri purchased a knife from unspecified "defendants," after being "exposed to" and "relying on" unspecified "representations" about the origin and quality of the knife. Compl. ¶ 5.

Moshiri has 30 days from the date of this order to file an amended complaint, if he can in good faith allege more specific facts to support his fraud-based claims. In addition, as discussed at the hearing, Moshiri should consider whether he may lawfully and in good faith seek to enforce California law on behalf of a nationwide class, or whether he is limited to asserting California law claims on behalf of a class of California consumers.

**IT IS SO ORDERED.**

Dated: June 19, 2014

_____
VINCE CHHABRIA
United States District Judge

2